UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADNAN KOSTIC, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:20-CV-310-HAB |
| EDIN SABIC, INC. | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on a Joint Motion To Approve Settlement [ECF No. 14], for the Court's approval of the Settlement Agreement [Settlement Agreement, ECF No. 14-1] between Plaintiff Adnan Kostic and Defendant Edin Sabic in this action under the Fair Labor Standards Act (FLSA) and Indiana statutes. The parties' submission includes a supporting brief as part of their motion. [ECF No. 14]. For the reasons stated in this Order, the Court approves the settlement.

## ANALYSIS

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation omitted). Although this matter has not been certified as a collective action, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiff alleges that he was not properly paid for time he worked in the employment of Defendant, that the Defendant failed to comply with the minimum wage and overtime requirements of the FLSA, and that Defendant's failure to pay was willful. Additionally, plaintiff claims that the Defendant failed to pay wages in accordance with Indiana Code § 22-2-9, *et seq*. More specifically, Plaintiff alleges he worked as an interstate delivery driver for the Defendant and was paid a flat rate of $400 per week or 35 cents per mile, whichever was higher. Defendant further deducted from the Plaintiff's pay "costs of damage" to the Defendant's vehicle. Plaintiff further alleges he worked in excess of 40 hours per week and is owed overtime pay for the hours worked in excess of 40 hours per week. Defendant denied the allegations. The case is in its infancy and has not proceeded through discovery.

The parties, after an arms-length negotiation, elected to resolve the case to avoid additional cost and time involved in litigating liability and damages and to avoid the risks for both parties

associated with continued litigation. As settlement of Plaintiff's claim, Defendant has agreed to pay $6,485.30, with $2,885.30 of this amount designated for Plaintiff's attorney fees and costs.

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable and does not represent a mere waiver of statutory rights brought about by an employer's overreaching. Litigating this case to its conclusion on the merits would likely entail considerable time and expense. The value of an immediate recovery outweighs the mere possibility of additional relief that might be obtained after litigating the matter further at the trial court level. The parties are represented by competent and experienced counsel, who have fully examined the claims in this case.

The Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement [ECF No. 14-1]. The Joint Motion to Approve the Settlement [ECF No. 14] is GRANTED. As set forth in the parties' Joint Motion, upon full payment of the settlement amount, the parties shall file with the Court a stipulation of dismissal with prejudice.

SO ORDERED on December 3, 2020.

         s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT